IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 2:-09-CR-5-12- JRG-RSP |
| | § | |
| TRAVIS GERARD WILLIAMS | § | |

**REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

On February 28, 2013, the undersigned held a final hearing on the Government's petition (#342) to revoke supervised release. The Government was represented by Assistant United States Attorney Allen Hurst. The Defendant, Travis Gerard Williams, was represented by Charles Van Cleef.

Travis Gerard Williams was sentenced on January 7, 2010, before The Honorable T. John Ward of the Eastern District of Texas after pleading guilty to the offense of Mail Fraud, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 9 and a criminal history category of VI, was 21 to 27 months. Travis Gerard Williams was subsequently sentenced to 27 months imprisonment followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include: The defendant shall pay any financial penalty that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release. The defendant shall provide the probation office with access to any requested financial information for the purposes of monitoring restitution and efforts and maintaining suitable lawful employment. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full. The defendant shall not participate in any

form of gambling unless payment of any financial obligation ordered by the Court has been paid in full. The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer. On September 2, 2011, Travis Gerard Williams completed his period of imprisonment and began service of the supervision term.

On February 11, 2013, this petition to revoke was filed. In its petition, the Government alleges the Defendant violated the following conditions:

1) <u>Standard:</u> The Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. Specifically, the Government alleges as follows: On December 14, 2012 and January 16, 2013, Mr. Williams submitted urine specimens which tested positive for cocaine.

2) <u>Standard</u>: The Defendant shall pay $5,176.00 restitution. Specifically, the Government alleges that Mr. Williams failed to submit the required minimum payment of $120 per month for the months of June, July, August, September, October and November 2012 and January 2013.

3) <u>Special</u>: The Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full. Specifically, the Government alleges as follows: Mr. Williams opened new lines of credit between December 2011 and June 2012. Mr. Williams provided a written statement admitting to establishing new bank accounts or lines of credit while on supervised release.

The Court scheduled a revocation hearing for February 28, 2013. At the hearing on the Government's petition, and after consenting to the undersigned taking the plea, the Defendant pled true to the allegations as set forth above. Based on the Defendant's plea of true to the allegations, and with no objection by the Defendant or the Government, the undersigned found that the Defendant did violate conditions of his supervised release, as alleged in the U.S. Probation Office's petition.

The undersigned thereafter recommended that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for 17 months, with no supervised release to follow such term of imprisonment. Based on the foregoing, it is

**RECOMMENDED** that the Defendant's plea of true to the allegations, as set forth in the Government's petition, be **ACCEPTED**. Based upon the Defendant's plea of true to the allegations, it is further recommended that the Court find that the Defendant violated the conditions of his supervised release. It is further

**RECOMMENDED** that the Defendant's supervised release be **REVOKED**. It is further **RECOMMENDED** that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 17 months, with no supervised release to follow such term of imprisonment. It is further

**RECOMMENDED** that the Court request that the Bureau of Prisons place the Defendant in its Pollock, Louisiana facility.

At the close of the February 28, 2013 revocation hearing, Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of

3

supervised release as recommended herein and to the imposition of the above sentence. Defendant also waived his right to be present and speak before the District Judge imposes the recommended sentence. Therefore, the Court may act on the findings and recommendation immediately.

    **SIGNED this 7th day of March, 2013.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE